# In The United States Court of Federal Claims

No. 13-117C

(Filed: December 24, 2013)

_____

APTERYX, INC.,

          Plaintiff,

v.

THE UNITED STATES,

          Defendant.

_____

**ORDER**

_____

      On December 19, 2013, the parties filed a joint motion for entry of an order pursuant to Rule 502(d) of the Federal Rules of Evidence and Court of Federal Claims Rule 26(c)(1).  The motion is **GRANTED**.  Pursuant to RCFC 1, 16, and 26, as well as Fed. R. Evid. 502(d), and in order to facilitate discovery and avoid delays, the court hereby **ORDERS** as follows:

1. The provisions of this order shall apply to all information that has been, or will be, produced in this litigation, including electronically stored information.

2. Pursuant to Fed. R. Evid. 502, the production of documents and data pursuant to this order (or the viewing of said documents and data by the receiving party as a prelude to production) shall not result in the waiver of the attorney-client privilege or work-product protection as to those documents and data.  Also, the production of privileged or protected documents or data under this order (or the viewing of said documents and data by the receiving party as a prelude to production) shall not result in the waiver of the attorney-client privilege or work-product protection as to those documents and data in any other federal or state proceeding.

3. If the producing party determines that it has produced a document or data to which it wishes to assert a claim of privilege or protection, counsel for the producing party shall notify the recipient promptly of its claim.  As part of the notification, the producing party's counsel shall identify, by Bates Number, the document to which the producing party is asserting a claim of privilege or protection.

4. Upon receiving notice of a claim of privilege or protection by the producing party regarding a produced document or data, the recipient shall segregate, with promptness and in accordance with RCFC 26(b)(5)(B), the specified document or data, as well as any copies thereof, and the recipient shall not use the information in the specified document or data, except as provided by RCFC 26(b)(5)(B), until after the claim is resolved.  If the court upholds – or if the recipient does not challenge – the producing party's claim of privilege as to the produced document or data, the recipient shall return or dispose of the specified document or data, as well as any copies thereof.

5. At all times after the producing party provides the requisite notice, the receiving party shall not refer to the allegedly privileged material in any manner, whether written or oral, in any interrogatory, request for admission, document request, interview, deposition, oral argument, trial or submission to the court; nor will the receiving party disclose the substance of that material to any third party; however, the receiving party may reference the allegedly privileged or protected material to the court in accordance with a motion challenging the assertion of privilege.

6. This order assumes that counsel for the parties will act in good faith with respect to claims of privilege.  The recipient shall notify the producing party's counsel upon identification of any document or data which appears to be potentially privileged or protected.  Such notification shall not waive the recipient's ability to challenge any assertion of privilege or protection made by the producing party as to the identified document.  As part of the notification, the recipient shall identify, by Bates Number, the document or data at issue.  The recipient shall segregate the specified document or data, as well as any copies thereof, from the other materials, and the recipient shall not use the information in the potentially privileged or protected document or data, except as provided by RCFC 26(b)(5)(B), for a period of 14 days after the date on which the recipient notifies the producing party's counsel.  Within the 14–day period, or any other period of time agreed to by the parties, the producing party shall determine whether it will assert a claim of privilege or protection as to the identified document, and its counsel shall notify the recipient of its determination.

7. This order may be modified by the court for good cause.  The court will be inclined to grant any modification jointly proposed by the parties.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge